Matter of Lamberti v City of New York (2019 NY Slip Op 05090)





Matter of Lamberti v City of New York


2019 NY Slip Op 05090


Decided on June 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2019

Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.


9723 102013/15

[*1]In re Sandro Lamberti, Petitioner-Appellant,
v
City of New York; et al., Respondents-Respondents.


Glass & Hogrogian, LLP, New York (Bryan D. Glass of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Claibourne Henry of counsel), for respondents.



Judgment (denominated an order), Supreme Court, New York County (Lucy Billings, J.), entered December 12, 2017, denying the petition to annul respondents' determination dated October 29, 2015, to terminate petitioner's probationary employment, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
There is no basis for finding that the termination of petitioner's probationary employment "was for a constitutionally impermissible purpose, violative of a statute, or done in bad faith" (Matter of Mendez v New York City Dept. of Educ., 28 NY3d 993, 994 [2016]; see Matter of Brown v City of New York, 280 AD2d 368, 370 [1st Dept 2001]). The evidence that petitioner received both "ineffective" and "developing" ratings on more than one occasion supports the conclusion that the determination was not made in bad faith (see Matter of Leka v New York City Law Dept., 160 AD3d 497 [1st Dept 2018]). Nor was petitioner entitled to notice of the possibility that his probationary employment would be terminated, beyond the required 60-day notice that he was given (Education Law § 2573[1]).
Furthermore, petitioner was provided with support, and any alleged deviations from internal procedures did not deprive him of a substantial right or undermine the fairness and integrity of the rating process (see Cooper v City of New York, 158 AD3d 553, 554 [1st Dept 2018]). To the contrary, the record demonstrates evidence of petitioner's persistent and unresolved issues despite ongoing efforts by school administration to help him improve his instructional methods.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2019
CLERK